## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **TYLER EDWARD TOWNSEND,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:11-CV-560-Y** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Tyler Edward Townsend, TDCJ-ID #1678168, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in a state jail facility in Dallas, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. FACTUAL AND PROCEDURAL HISTORY

Petitioner was indicted for intentionally or knowingly possessing or attempting to possess a controlled substance, codeine, by misrepresentation, fraud, forgery, deception, or subterfuge through the use of a fraudulent oral or telephonically communicated prescription, a third-degree felony (count one) and intentionally or knowingly possessing a controlled substance, methamphetamine, of less then one gram (count two), in the 355th Judicial District Court of Hood County, Texas, Case No. CR11486. (State Habeas R. at 22-23)  On June 11, 2010, petitioner and his trial counsel appeared in the 355th Judicial District Court and agreed, in writing, to a continuance for the purpose of an agreed plea of guilty to count one, in exchange for the state's recommendation of seven years' confinement, plus a fine, fees, and costs. (*Id.* at 24)

On June 25, 2010, petitioner and counsel appeared pursuant to the plea agreement, petitioner pleaded guilty to count one, and the trial court sentenced him to seven years' confinement and assessed court costs and a fine. (*Id.* at 26-33)  On June 28, 2010, the state filed a motion to dismiss count two, which was granted. (*Id.* at 38)  Petitioner did not directly appeal his conviction. (Pet. at 3)  He did, however, file a state application for writ of habeas corpus, raising one or more of the claims presented herein, which was denied by the Texas Court of Criminal Appeals without written order on June 8, 2011. (State Habeas R. at cover)  Petitioner filed the instant petition on August 9, 2011, in the Dallas Division, and the action was subsequently transferred to this division.[1] (docket entry no. 4)

---

[1]Typically, a prisoner's pro se habeas petition is deemed "filed" when it is handed over to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when papers delivered to prison authorities for mailing).  However, petitioner does not indicate the date he placed the petition in the prison mailing system and, thus, is not given the benefit of the so-called "prison mailbox rule."

### D. ISSUES

Petitioner claims (1) he received ineffective assistance of trial counsel, (2) he was sentenced within the "wrong range of punishment," (3) his conviction was obtained by the use of a coerced confession, and (4) his guilty plea was unlawfully induced. (Pet. at 7-8)

### E. RULE 5 STATEMENT

Respondent believes that the petition is time-barred under the federal statute of limitations and/or that one or more of petitioner's claims are unexhausted and procedurally defaulted. 28 U.S.C. §§ 2244(d), 2254(b)(1). (Resp't Ans. at 4-7)

### F. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

  Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time that petitioner had for filing a timely notice of appeal on July 25, 2010, and closed one year later on July 25, 2011, absent any applicable tolling.[2] *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

---

  [2]Respondent argues that the trial court's judgment on petitioner's guilty plea became final for purposes of subsection (A) on June 25, 2010, the date the judgment was entered, because petitioner waived his right to appeal, among other rights, as part of the plea bargain agreement. (Resp't Ans. 12 & n.5) A review of relevant cases in this and other districts, however, reveals that under these circumstances the limitations period starts after expiration of the statutory appeal time. *See, e.g., Novak v. Quarterman*, Civil Action No. 4:07-CV-043-Y, slip copy, 2007 WL 1953439, at *3 n.2 (N.D. Tex. June 26, 2007); *Greer v. Quarterman*, Civil Action No. H-06-1742, slip copy, 2007 WL 2140205, at *2 (S.D. Tex. July 24, 2007); *Flournoy v. Director*, Civil Action No. 6:06-CV-555, slip copy, 2007 WL 545684, at *3 (E.D. Tex. Feb. 16, 2007); *Hennington v. Johnson*, Civil Action No. 4:00-CV-0292-A, slip copy, 2001 WL 210405, at *2 (N.D. Tex. Feb. 28, 2001). *See also Rodriguez v. Thaler*, 664 F.3d 952, 953-54 (5th Cir. 2011) (holding because petitioner did not actually waive right to appeal, the judgment did not become final until 30 days later).

Petitioner's state habeas application, filed on May 10, 2011,[3] and denied on June 8, 2011, tolled the limitations period 29 days, making his federal petition due on or before August 23, 2011. Petitioner's federal petition, filed on August 9, 2011, was therefore timely filed.

## G. EXHAUSTION

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or, as in this case, a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure in a procedurally proper manner. TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2010); *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

---

[3]Historically, the prison mailbox rule did not apply to state habeas applications from inmates in Texas. *Howland v. Quarterman*, 507 F.3d 840, 843-44 (5th Cir. 2007). However, the Texas Court of Criminal Appeals, like the United States Supreme Court and the Texas Supreme Court, has adopted the prisoner mail box rule that a document is deemed filed at the time it is delivered to prison authorities for mailing in the prisoner context. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998); *Campbell v. State*, 320 S.W.3d 338, 342-44 (Tex. Crim. App. 2010). Although petitioner executed the "Inmate's Declaration" reflected on page 11 of his state habeas application on May 8, 2011, he did not indicate the date he placed the application in the prison mailing system and, thus, is not given the benefit of the prison mailbox rule.

Petitioner raised two grounds in his state habeas application that correspond to grounds one and two in this federal petition. (Pet. at 7; State Habeas R. at 8-9)  Petitioner concedes that he did not present grounds three and four to the state courts because he felt the grounds pertained to ground one. (Pet. at 8)  However, to the extent petitioner's claims in this federal petition exceed the scope of the claims presented in his state habeas application, the claims are unexhausted.  Consequently, grounds three and four raised in his federal petition are unexhausted.  Under the Texas abuse-of-the-writ doctrine, however, petitioner cannot now return to state court for purposes of exhausting the claims. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4.  The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir. 1997).  Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, petitioner's grounds three and four raised for the first time in this federal petition are procedurally barred from this court's review. *Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000).  Accordingly, only grounds one and two are discussed below.

## H. DISCUSSION

*1. Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by

6

the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274, F.3d 941, 948 n.11 (5th Cir. 2001). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as in this case, it is an adjudication on the merits, which is entitled to the presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[4]; *Catalan v. Dretke*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez*, 274 F.3d at 948 n.11; *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir. 1997). The petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399.

---

[4]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

7

## 2. *Ineffective Assistance of Counsel*

Under his first ground, petitioner claims his trial counsel was ineffective by failing to investigate the offense, failing to consult and advise him, and attempting only to plea bargain. (Pet. at 7)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI.  To prevail on an ineffective assistance claim in the context of a guilty plea, a defendant must demonstrate that his plea was rendered involuntary by showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984).

However, by entering a knowing, intelligent and voluntary guilty plea, a defendant waives all nonjurisdictional defects in the proceedings preceding the plea, including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. *Smith*, 711 F.2d at 682; *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981).  A guilty plea is knowing, voluntary and intelligent if done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea.  *Brady v. United States*, 397 U.S. 742, 748 (1970).  If a challenged guilty plea is knowing, voluntary and intelligent, it will be upheld on federal habeas review.  *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995).  Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him.  *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979).

There was no hearing or factfinding in the state habeas proceedings in this case. Nevertheless, the documentary evidence supports the conclusion that petitioner's plea was knowingly, voluntarily and intelligently entered. Petitioner executed the "Guilty Plea Memorandum" in which he acknowledged that he was mentally competent and aware of the consequences of his plea, that his plea was made freely and voluntarily and only because he is guilty, that he fully understood the written waivers, stipulations and admonitions, that he waived any and all rights secured him by law, that he was "totally satisfied" with the representation given by counsel, and that counsel was "completely competent in every aspect of representation." (*Id.* at 26-31) *Blackledge*, 431 U.S. at 74; *Kelley v. Alabama*, 636 F.2d 1082, 1084 (5th Cir. 1981). Petitioner also judicially confessed to committing the offense charged in the indictment. Such representations by a defendant during plea proceedings "carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74. Petitioner's claims, after the fact, unsupported by anything in the record, are insufficient to rebut the presumption that he received effective assistance of counsel and the presumption of regularity of the state court records. *See Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding state court records "are entitled to a presumption of regularity"); *Babb v. Johnson*, 61 F. Supp. 2d 604, 607 (S.D. Tex. 1999) (same).

Accordingly, because petitioner's guilty plea was knowingly, intelligently and voluntarily made, his ineffective assistance claims not involving the voluntariness of the plea, are waived. *See Florida v. Nixon*, 543 U.S. 175, 187 (2004);*United States v. Broce*, 488 U.S. 563, 573-74 (1989); *Boykin*, 395 U.S. at 243; *United States v. Williams*, 61 Fed. Appx. 120 (5th Cir. 2003).

### 3. *Range of Punishment*

Under his second ground, petitioner claims he received a felony punishment for a misdemeanor offense. (Pet. at 7) Petitioner provides no evidence or citation to legal authority for his claim. A federal cannot consider a habeas petitioner's bald assertions on an issue in his pro se petition, unsupported by anything else in the record, to be of probative evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5ᵗʰ Cir. 1983). Furthermore, by the Texas Court of Criminal Appeals's denial of the claim in petitioner's state habeas application, this court may presume the Texas Court of Criminal Appeals determined, as a matter of state law, that petitioner's conviction was a felony conviction, as defined by the law in effect at the time he committed the offense. (Resp't Ans. at 21-22) The classification of an offense prosecuted in a state court, for sentencing purposes is, absent exceptional circumstances not presented in this petition, a matter of state law. *Mendiola v. Estelle*, 635 F.2d 487, 489 (5ᵗʰ Cir. 1984). In general, state law matters are not proper grounds for habeas corpus relief. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (internal quotation omitted).

## II. RECOMMENDATION

Based on the foregoing, it is recommended that grounds one and two of the petition for writ of habeas corpus be denied and that grounds three and four be dismissed as unexhausted and procedurally barred.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 15, 2012.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until March 15, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February _____24_____, 2012.


_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE